UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEE TERRY, | ) | |
| | ) | |
| Petitioner, | ) | 04-2274 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The petitioner Lee Terry ("Terry") has filed a motion for return of seized property. For the following reasons, the motion [#1] is denied.

On September 14, 1998, the Champaign County Schools Credit Union ("the credit union") was robbed by two individuals carrying firearms. Police received an anonymous tip that Terry and his girlfriend, Kellie Jo May ("May"), committed the robbery. A detective went to Terry's address and observed a dealer sticker on a van parked outside the residence. The detective contacted the dealership and learned that Terry had purchased the van that day, making a $4,000 cash down payment with the balance to be paid the next day. The dealership had deposited the $4,000 with its daily deposit. The detective then went to the bank and learned the deposit was still segregated from other bank funds. The detective examined the cash and found fourteen $20 bait bills taken during the robbery. The bait bills were seized and placed into evidence at trial. That money, $280, was ordered transferred to the victim's insurance company following the conclusion of the trial.

In April 1999, Terry and May were convicted of various offenses arising from the armed robbery of the credit union. *United States v. Terry*, 98-CR-20061 (C.D. Ill. 1998). Terry was sentenced to life imprisonment and ordered to make $11,038.75 in restitution to the credit union. The conviction was affirmed on appeal. *United States v. May*, 214 F.3d 900 (7th Cir. 2000).

On August 4, 2003, Terry filed within the criminal case a motion for return of property seized during the robbery investigation.[1] The court denied the motion, finding that the government was not in possession of any of Terry's property; however, the court found that the Champaign Police Department still possessed $152.45 seized during the investigation.[2] At the

---

[1] *United States v. Terry*, 98-CR-20061, docket entry #149.

[2] *United States v. Terry*, 98-CR-20061, docket entry #153.

1

request of the respondent, United States of America ("USA"), the court ordered that sum to be paid to the credit union's insurance company in partial satisfaction of the restitution order. Terry appealed, and the Seventh Circuit Court of Appeals summarily affirmed the district court's judgment. *United States v. Terry*, 04-1178 (7th Cir. Sept. 13, 2004).

Terry has initiated a civil action with a new motion for return of seized property. Terry claims that in August 2004, during the pendency of his most recent appeal, he "became aware" of the fact that the USA (and/or another investigating agency) was still in possession of $3,720 of the $4,000 seized from National City Bank. In support of this assertion, he attaches a photocopy of page 6 of an unidentified document discussing the recovery of the $4,000. The document states, in relevant part: "From this cash deposit, the detective . . . recovered 14 of the bait bills from the credit union robbery."[3] The quoted portion appears at the bottom of page 6. Following the quoted portion, the page ends with an incomplete sentence: "Young's affidavit concluded with a . . .". Terry did not submit the next page, leaving open the possibility that the document might support Terry's motion. This court has identified the document as an order denying a motion to suppress, entered on March 4, 1999.[4] *United States v. Terry*, 41 F. Supp. 2d 859 (C.D. Ill. 1999). The published order contains the text in its entirety; the full sentence reads as follows: "Young's affidavit concluded with a recitation of Terry's criminal history, including previous convictions of armed robbery." *Terry*, 41 F. Supp. 2d at 863.

Terry provides no factual basis for his assertion that the government retained funds that should be applied to the restitution order. In contrast, the court concluded in 2003 that the USA was not in possession of any property seized in the criminal investigation, and the Court of Appeals summarily affirmed that judgment.

## CONCLUSION

The motion for return of property [#1] is denied. This case is terminated.

Entered this  1st  day of September, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT COURT

---

[3] Terry seeks the return of $4,000 less $280 in bait bills – $3,720.

[4] The order was entered five years before Terry claimed he "became aware" of it.